UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SASHA BELL,

                                      Plaintiff,        **AMENDED COMPLAINT**

       -against-                                   18-cv-10615 (AT)

DET. TERRANCE WILLIAMS,                (Jury Trial Demanded
And CITY OF NEW YORK,                     of all issues)

                                 Defendants.
------------------------------------------------------------------------X

The Plaintiff SASHA BELL, by her Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

## PRELIMINARY STATEMENT

**1.** This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law and is being brought pursuant to 42 U.S.C. §1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

**3.** Jurisdiction is based upon and conferred to this Court by 42 U.S.C. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367 (a) with respect to any

and all State law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4. The plaintiff SASHA BELL, at all times hereinafter mentioned, was and still is a citizen of the United States and a resident of the State of New York and County of Nassau.

5. That the defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

6. That upon information and belief the defendant DET. TERRANCE WILLIAMS at all times hereinafter mentioned was a police officer employed by the Defendant CITY OF NEW YORK and acting within the scope of said employment as a police officer and was further acting under the direction, supervision and control of defendant CITY OF NEW YORK.

7. That the defendant DET. TERRANCE WILLIAMS is being sued individually and in his official capacity as a police officer acting on behalf of the defendant CITY OF NEW YORK.

## ADMINISTRATIVE CONDITIONS

8. That within ninety (90) days after the claims arose the plaintiff caused a sworn notice of claim to be duly served upon defendant CITY OF NEW YORK.

9. That the plaintiff was examined by defendant CITY OF NEW YORK pursuant to New York General Municipal Law sec. 50-H.

10. More than thirty (30) days have elapsed since service of the notice of claim and 50-H hearing but defendant CITY OF NEW YORK or the comptroller thereof have neglected and/or refused to adjust or pay said claims.

11. This action is being commenced within one year and ninety days after the causes of action set forth herein occurred and within the statutes of limitations applicable under 42 U.S.C. §1983.

## FACTUAL ALLEGATIONS

12. That on or about August 22, 2017 at approximately 5:30 A.M. the defendant's, their agents, servants and employees appeared at the home of the plaintiff in Freeport, New York for the purpose of arresting her, though they had no warrant for her arrest.

13. The defendant's father was able to convince defendants to let the plaintiff surrender.

14. That on or about 9:00 A.M. on August 22, 2018 plaintiff surrendered at the Midtown East Precinct, in the County of New York, City and State of New York. Upon her surrender the plaintiff was taken into custody and arrested by defendant TERRANCE WILLIAMS and charged with the crime of grand larceny, fourth degree allegedly committed on June 10, 2017 at about 10:00 A.M. at 115 E. 57 St., County, City and State of New York.

15. That at the time of plaintiff's arrest she was wholly innocent of any such crime, and the defendants lacked information sufficient to constitute probable cause to believe the defendant had committed such crime; and further the defendants had no warrant authorizing the plaintiff's arrest.

16. The defendant detained plaintiff and continuously held her in police custody until she was arraigned in the Criminal Court of the City of New York, County of New York on August 24, 2018 at approximately 1:00A.M.

17. Upon plaintiff's arraignment the plaintiff was released from custody after spending at least 14 hours in detention against her will.

18. The plaintiff was subsequently subjected to prosecution upon the false felony charge wrongfully instituted by defendants against the plaintiff in the Criminal Courts of the City of New York, County and State of New York, based upon a false and insufficient complaint sworn to by defendant WILLIAMS, that he knew to be false.

**19.** On January 17, 2018 the criminal charge against the plaintiff was dismissed by the court upon the motion of the District Attorney of the County of New York. That the charges were dismissed by the prosecutor due to the lack of sufficient evidence of guilt and due to the Plaintiff's actual innocence.

**20.** Prior to dismissal of the criminal charge the plaintiff was caused to retain the services of a criminal defense attorney to defend her against the criminal charges.

**21.** That the defendant TERRANCE WILLIAMS knew full well that he had insufficient evidence to constitute probable cause to believe the plaintiff had committed the crime for which he arrested the plaintiff, or any other crime.

## FIRST CLAIM

**22.** The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

**23.** The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. Sec. 1983 thereby depriving plaintiff of her rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## SECOND CLAIM

**24.** The plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**25.** Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1, 6, 8, 9, 11 and 12 of the United States Constitution, including, without limitations, the following deprivations of her rights, privileges and immunities:

(a) Plaintiff was deprived of her right to be free from unreasonable seizures of her person, in violation of sec. 12 of the constitution of New York;

(b) Plaintiff was deprived of her rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York.

(c) Plaintiff was deprived of her right to equal protection of the laws, in violation of sec. 11 of the constitution of the State of New York.

### THIRD CLAIM

**26.** The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**27.** That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

**28.** That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

**29.** That plaintiff was wholly innocent of the aforesaid criminal charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

**30.** That the defendants intended to confine the plaintiff and the plaintiff was conscious of such confinement and did not consent to her confinement.

**31**. The acts of defendant WILLIAMS were willful and with malicious disregard of plaintiff's rights and is therefore liable for punitive damages.

## FOURTH CLAIM

**32.** The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**33.** That the defendants instituted and continued the criminal proceeding against the plaintiff in the Nassau County District Court in the absence of any probable cause for said prosecution.

**34.** That the prosecution against plaintiff was with malice.

**35.** That the dismissal against Plaintiff was a favorable termination in favor of the Plaintiff.

**36.** That said malicious prosecution of plaintiff by the defendants constitutes a deprivation of plaintiff's Fourth Amendment Constitutional right.

## FIFTH CLAIM

**37.** The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**38.** That the factual allegations set forth herein together with the allegations set forth in paragraphs 33-35 constitutes malicious prosecution under the law of the State of New York.

## SIXTH CLAIM

**39.** The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**40.** The defendant WILLIAMS created false evidence and information regarding plaintiff's conduct and forwarded such false evidence and information to the New York County District Attorney's Office in violation of the plaintiff's due process constitutional right to a fair trial.

**41.** That such false evidence included false police reports, false statements, and executing a false sworn Criminal Complaint against plaintiff.

**42.** That as a direct and proximate result of this unlawful conduct the plaintiff has been damaged.

## SEVENTH CLAIM

**43.** The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

44. Defendants subjected plaintiff to hostile and offensive bodily contact that was not privileged, thereby committing assault and battery upon plaintiff, and subjected her to embarrassment and humiliation. The acts and conduct of the defendants were the direct and proximate cause of damages to the plaintiff and violated her statutory and common law rights as guaranteed her by the laws and constitution of the State of New York.

**45.** As a result of the foregoing, plaintiff was deprived of liberty, sustained emotional injuries, was subjected to great humiliation and was otherwise harmed, damaged and injured.

## EIGHTH CLAIM

46. The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**47.** By the actions described above, defendants violated plaintiff's right of privacy and trespassed on her person, subjected her to embarrassment and humiliation, intruded into and invaded her seclusion of person, solitude and private affairs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed her by the laws and constitution of the State of New York.

**48.**     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subjected to great humiliation, and was otherwise damaged and injured.

### NINTH CLAIM

**49.**     The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**50.**     The conduct of defendant alleged herein, occurred while he was duty and in and during the course and scope of his duties and functions as a police officer and detective, and while he was acting as agent, servant and employee of the defendant CITY OF NEW YORK.  The acts and conduct of the defendant was the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and constitution of the State of New York pursuant to the doctrine of respondeat superior.

**51.**     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

### TENTH CLAIM

**52.**     The plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

**53.**     That the defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or commission, to:

    (a)     Failed to perform their duties as a reasonable prudent police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;

(b) Hired and retained incompetent and unfit police officers whom they knew or should have known lacked good and prudent judgment in making decisions to deprive citizens of their constitutionally protected liberty;

(c) Failed to exercise care instructing police officers as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody, as to the consequences of bringing false criminal charges, as to preparation and submission of false criminal charges;

(d) Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens.

(e) Failed to establish meaningful procedures for disciplining or re-training officers who have engaged in such misconduct including officers who have been the subject of police misconduct claims

54. That upon information and belief, all the acts by the individual defendant was carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY OF NEW YORK.

55. That upon information and belief the defendant CITY OF NEW YORK by its policy-making agents, servants and employees, authorized acts; and/or failed allowed or encouraged those acts to continue.

56. That the conduct of the individual defendant was consistent with long-standing customs, practice, and usages if police officers employed by defendant CITY OF NEW YORK.

57. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the City of New York.

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants:

      A.      Compensatory damages

      B.      Punitive damages

      C.      Attorney's fees together with costs and interest.

      D.      Such other and further relief as to the Court seems just and equitable

Dated: South Hempstead, New York        /s/ Garnett H. Sullivan
       December 3, 2018        **GARNETT H. SULLIVAN, ESQ.**
                                              **Attorney for Plaintiff**
                                              1080 Grand Avenue
                                              South Hempstead, NY 11550
                                              (516) 285-1575