

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/14/2019__

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-155
NEW YORK, NY 10007

**FRANK A. DELUCCIA**
*Senior Counsel*
Phone: (212) 356-5054
Fax: (212) 356-3559
fdelucci@law.nyc.gov

December 13, 2019

**BY ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, NY 10007

ENDORSEMENT: It is unacceptable that the parties failed to meet and confer to seek to resolve their discovery disputes before raising them with the Court. The parties are hereby ORDERED to meet and confer in a good faith effort to resolve their disputes and, no later than 12/23/2019, to submit a JOINT letter setting forth what the Court expects to be limited (if any) areas of disagreement. Failure to abide by this Order may result in sanctions. SO ORDERED.
Dated: 12/14/2019

RE: Sasha Bell v. Det. Terrance Williams and City of New York
Docket #: 18 Civ. 10615 (AT) (SDA)

Your Honor:

I am the Senior Counsel assigned to the defense of the above-referenced matter on behalf of Defendants. I write in regards to the Court's Order dated December 9, 2019 and in response to plaintiff's letter filed this afternoon. *See* Dkt. Nos. 30, 31.

As plaintiff states in his letter, the parties have agreed to an extension of the discovery deadline until March 30, 2020. Dkt. No. 31.

Defendants acknowledge the Court's request for the parties to submit a joint letter setting forth any unresolved discovery disputes. Dkt. No. 30. However, though plaintiff has hint at alleged disagreement with Defendants' objections and responses to plaintiff's first set of interrogatories and document requests since as early as November and as recently as Monday December 9, 2019 following the settlement conference, plaintiff delayed until approximately 1:11 PM this afternoon to provide any information regarding which of Defendants' responses that plaintiff was objecting to. When plaintiff did so, plaintiff provided the exact list as plaintiff provided in his letter to the Court, without further explanation or legal support as to why plaintiff is entitled to such discovery. Plaintiff has failed to provide the same to the Court. Plaintiff's lengthy delay has prevented Defendants from effectively meeting and conferring in an attempt to cure the alleged disputes prior to today's deadline.

Defendants also note for the Court that Defendants served a deficiency letter to plaintiff's counsel on November 1, 2019 that outlined the various deficiencies in plaintiff's responses to

Defendants' first set of interrogatories and document requests. Defendants served their first set of interrogatories and document requests on August 26, 2019. However, plaintiff failed to provide a timely response and failed to seek an extension of any kind from Defendants. Plaintiff's response was due on or before September 25, 2019. Plaintiff's responses are dated October 10, 2019. Therefore, all objections to any of Defendants' interrogatories and document requests are waived. *See* Fed. R. Civ. P. 33(b)(4) ("any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see also Granados v. Traffic Bar & Rest., Inc.*, 2015 U.S. Dist. LEXIS 173037 at *13 (S.D.N.Y. Dec. 30, 2015) ("because the defendants' responses…were untimely and because no justification was offered for the delay, any objections to the plaintiffs' requests are deemed waived."); *Silva v. Cofresi*, 2014 U.S. Dist. LEXIS 105877 at *17 (S.D.N.Y. Aug. 1, 2014) ("[D]ue to the belated nature of the defendant's responses, all objections are deemed waived and defendant is ordered to serve substantive responses and documents…."); *Gropper v. David Ellis Real Estate, L.P.*, 2014 U.S. Dist. LEXIS 16849 at *3 (S.D.N.Y. Feb. 10, 2014) ("Rules 33(b) and 34 of the Federal Rules of Civil Procedure requires responses within 30 days of service of interrogatories or document requests, and a party who fails to comply with that obligation may be deemed to have forfeited any objections."). A copy of this letter is attached for the Court's reference.

Defendants also note that plaintiff's untimely objections to Interrogatory No. 2 and Document Requests Nos. 15 through 23 are merely boilerplate responses, some without any specificity whatsoever, and are therefore insufficient to exclude discovery of the requested information. *See Michael Kors, L.L.C. v. Su Yan Ye*, 2019 U.S. Dist. LEXIS 60057 at *7 (S.D.N.Y. Apr. 8, 2019) ("A number of courts have held that an objection that does not appropriately explain its grounds is forfeited."); *Gropper*, 2014 U.S. Dist. LEXIS 16849 at *11 ("general and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."); *see, e.g.*, *Fischer v. Forrest*, 14 Civ. 1304 (PAE)(AJP), 2017 U.S. Dist. LEXIS 28102, at *1, 3 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirements to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."). A copy of Defendants' First Set of Interrogatories and Document Requests is attached, along with plaintiff's responses.

Defendants required a response to their deficiency letter from plaintiff by November 8, 2019. Plaintiff has not provided any response whatsoever. Therefore, Defendants now request that plaintiff be ordered to provide the discovery in Document Requests Nos. 15 through 23 and provide a substantive response to Interrogatory No. 2.

Defendants thank the Court for its consideration of the within matters.

Respectfully submitted,

*Frank A. DeLuccia*   /s/

Frank A. DeLuccia
Senior Counsel