# Garnett H. Sullivan Attorney at Law
1080 Grand Avenue, Suite 200, South Hempstead, N.Y. 11550 | (516) 285-1575

December 23, 2019

**VIA ECF**

Hon. Stewart D. Aaron
Magistrate, United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1970
New York, NY 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 12/30/2019

> The Court has reviewed in camera the indices produced by Defendants and hereby Orders that, within 14 days of the date of this Order, Defendants shall produce to Plaintiff the CCRB files relating to CCRB No. 20120292 and No. 20120793. The Court further Orders that, within 14 days of the date of this Order, Plaintiff shall provide to Defendants an authorization for the release of Plaintiff's employment records. The deadline for completion of discovery is extended to March 30, 2020. No further extensions shall be granted, except for good cause shown, and then only for a limited purpose.
> SO ORDERED.
> Dated: December 30, 2019

*Re: Bell v. Det. Terrance Williams, et al.*
*18-cv-10615 (AT)(SDA)*
*Joint Discovery Issues Letter*

Your Honor:

      The parties have engaged in significant and substantive conferrals regarding the outstanding discovery issues, in accordance with the Court's directives. However, the following issues remain unresolved:

      1.    Plaintiff seeks supervisor complaint reports, command disciplinary reports, Internal Affairs investigative reports, performance evaluation reports, CCRB reports, and notice of claims in regard to the defendant Williams. Defendants oppose the requests on numerous grounds, which are summarized in the interests of brevity below. Plaintiff's characterization of some of these items is vague, ambiguous or overly broad as to its meaning, including "supervisor complaint reports" and "investigative reports" as two examples. It is unclear what exactly plaintiff is demanding. Regarding the substance of the requests, this matter is being litigated as part of the Southern District of New York's Section 1983 Plan for police misconduct cases. The Section 1983 Plan requires disclosure of the CCRB and CPI indices of complaints or incidents that are similar in nature to the incident alleged in the complaint or that raise questions about defendant William's credibility. Defendants provided these indices as required, along with an equivalent index for IAB complaints. The indices provided include unsubstantiated complaints similar in nature to the claims pled in plaintiff's complaint, as required by the Section 1983 Plan. As one example, plaintiff has not pled a

claim for excessive use of force, or a physical injury. CCRB and IAB complaints are relevant and discoverable only if they bear a fair relationship to the misconduct alleged in the complaint. *Reyes v. City of New York*, 00 Civ. 2300, 2000 U.S. Dist. LEXIS 15078, *3 (S.D.N.Y. 2000) ("where CCRB records contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found to be too tenuous to allow discovery.") (citations and quotations omitted). Allegations of misconduct that are not similar in nature or relevant to credibility are generally not discoverable. *Barrett v. City of New York*, 237 F.R.D. 39 (E.D.N.Y. 2006) (*citing Fountain v. City of New York*, 2004 U.S. Dist. LEXIS 7539 (S.D.N.Y. 2004)); *see also Velez v. City of New York*, 2010 U.S. Dist. LEXIS 54237 at *15 (E.D.N.Y. June 2, 1010) ("A complaint against a police officer is only relevant and discoverable upon a showing that it is similar to the misconduct alleged in the action.") (citations omitted).

2. Defendants seek an authorization for the release of plaintiff's employment records, as plaintiff testified at her GML § 50-h hearing that she was forced to miss multiple days of work as a result of her arrest and ensuing prosecution. Defendants contend that plaintiff's admissions make her employment records relevant and discoverable at this stage of the matter, including for her credibility. Plaintiff opposes such disclosure on the grounds that since plaintiff is not making any claims for loss of income or for injuries, such records are not probative of any issues in the matter. At most plaintiff may have missed three (3) days due to her arrest and court appearances but is not seeking compensation for lost wages.

The parties request the Court's assistance in resolving these outstanding discovery issues.

The parties also request an extension of the discovery deadline from Monday January 27, 2020 to Monday March 30, 2020.

Respectfully submitted,

_/S/_  
Garnett H. Sullivan  
Attorney for the Plaintiff

_/S/_  
Frank A. DeLuccia  
Senior Counsel  
Attorney for the Defendants